**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-_____

ALLEN RICHARD TREADWELL,

     Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

     Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Lowe's Home Centers ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Douglas County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    INTRODUCTION

1.    Plaintiff Allen Richard Treadwell ("Plaintiff") initiated this lawsuit on December 17, 2020 against Defendant, in the District Court for the County of Douglas, State of Colorado, captioned *Allen Richard Treadwell v. Lowe's Home Centers, LLC*, Civil Action No. 2020CV30964 and is now pending in that court (the "State Action"). *See* **Exhibit A**, Plaintiff's Complaint.

2.    Plaintiff alleges that on February 24, 2020, he "attempted to get out of his Explorer, left foot first. As soon as he put weight on his left foot, he slipped and fell" after parking in the

covered parking spot at the store located at 1360 New Beale Street, Castle Rock, Colorado. **Exhibit A**, ¶¶ 4, 10, 14-15.

3. Plaintiff's Complaint alleges claims under the Colorado Premises Liability Act (hereinafter "CPLA"). *Id.* at ¶¶ 31 – 43.

## II.   COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant was served on December 18, 2020. The Return of Service on Defendant is attached hereto as **Exhibit B**.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

        **Exhibit A**    Complaint

        **Exhibit B**    Return of Service on Defendant

        **Exhibit C**    Civil Cover Sheet

        **Exhibit D**    Summons

        **Exhibit E**    Delay Reduction Order

        **Exhibit F**    Motion for Extension of Time

    **Exhibit G**  Order Granting Motion for Extension of Time

    **Exhibit H**  State Docket

  9. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings are pending, nor has any trial been set in the State Action.

  10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

  11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.  DIVERSITY JURISDICTION

  12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.** **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

  13. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Colorado. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

  14. Defendant is a citizen of North Carolina. Defendant is a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 1000

Lowe's Blvd., Mooresville, NC 28117.  *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  Defendant is a wholly owned subsidiary of Lowe's Companies, Inc., a publicly traded North Carolina corporation.  Lowe's Companies, Inc. is its sole member.

15. For purposes of federal diversity jurisdiction, the parties are completely diverse.  28 U.S.C. § 1441(b).

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In his Complaint, Plaintiff alleges that he has suffered "suffered serious and permanent injuries" caused by the incident.  **Exhibit A**, ¶ 29.[2]  Further, Plaintiff's Civil Cover Case Sheet, attached as **Exhibit C**, states Plaintiff seeks more than $100,000 in damages in this matter.

17. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

18. Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding his alleged damages and injuries.

19.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

20.     Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of his Civil Case Cover Sheet. *See* **Exhibit C**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

21.     In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit C**.

5

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Lowe's Home Centers, LLC, respectfully requests that the action now pending in the Douglas County District Court, Case No. 2020CV30964, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 14th day of January, 2021.

                                Hall & Evans, LLC

                                *s/ J. Ryan Johnson*
                                J. Ryan Johnson, Atty.
                                Alison F. Burke, Atty.
                                1001 17th Street, Suite 300
                                Denver, CO  80202
                                Phone:  (303) 628-3300
                                Fax:  (303) 628-3368
                                johnsonr@hallevans.com
                                burkea@hallevans.com
                                ATTORNEYS FOR DEFENDANT
                                LOWE'S HOME CENTERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

*Counsel for Plaintiff*:

Daniel J. Caplis, Esq.
Michael P. Kane, Esq.
Amy Ferrin, Esq.
The Dan Caplis Law Firm, LLC
6400 South Fiddlers Green Circle, Suite 2200
Greenwood Village, Colorado 80111
Telephone: (303) 770-5551
Facsimile:  (303) 770-5552
dan@caplislaw.com
mpk@caplislaw.com
af@caplislaw.com


*s/ Renee Godfrey*
Renee Godfrey, Legal Assistant to
J. Ryan Johnson
Alison F. Burke